TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division
COLIN S. SCOTT (Cal. Bar No. 318555)
Assistant United States Attorney
National Security Division
BRANDON E. MARTINEZ-JONES (Cal. Bar No. 318749)
Assistant United States Attorney
Major Crimes Section
    1500/1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3159/7167
    Facsimile: (213) 894-0141
    E-mail: colin.scott@usdoj.gov
          brandon.martinez-Jones@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:26-CR-163-SPG |
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| MATTHEW EDWARD PYSHER, aka "Piano.Man," aka "singusasong," | **CURRENT TRIAL DATE:** May 12, 2026 **PROPOSED TRIAL DATE:** September 29, 2026 |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Colin S. Scott and Brandon E. Martinez-Jones, and defendant MATTHEW EDWARD PYSHER ("defendant"), both individually and by and through his counsel of record, Elena Sadowsky, hereby stipulate as follows:

1.    The Indictment in this case was filed on March 20, 2026. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on February 23, 2026. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before May 29, 2026.

2.    On March 31, 2026, the Court set a trial date of May 12, 2026, and a status conference date of April 15, 2026.  On April 14, 2026, the Court vacated the status conference.

3.    Defendant is detained pending trial.  The parties estimate that the trial in this matter will last approximately five to six days.

4.    By this stipulation, defendant moves to continue the trial date to September 29, 2026, and the status conference to September 16, 2026.  This is the first request for a continuance.

5.    Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.    Defendant is charged with violations of 18 U.S.C. § 2423(b): Travel with Intent to Engage in Criminal Sexual Activity and 18 U.S.C. § 2422(b): Enticement of a Minor to Engage in Criminal Sexual Activity.  The government has produced over a thousand pages of discovery to the defense, including law enforcement reports, warrant affidavits and associated papers, social media chats, scene photographs, audio recordings, cellular location data, and other records.  The government is in the process of gathering and producing further discovery.  The parties also anticipate that defense counsel may need to conduct a review of underlying Child Sexual Abuse Material ("CSAM").

b.   On March 3, 2026, defendant's current counsel substituted in as counsel of record.  Defense counsel has the following trial conflicts in the U.S. District Court for the Central District of California:

i.   USA v. Ethan Komiti, CR 26-120-AB -- a one-defendant possession with intent to distribute methamphetamine/ airport courier trial scheduled for April 28, 2026.  No continuances have been sought or granted and it is expected that the trial will proceed without a continuance unless a pretrial resolution is reached soon.  The trial is expected to last two days.

ii.   USA v. Markell Griffin, CR No. 25-349-CV -- a one-defendant carjacking and 924(c) trial scheduled for May 19, 2026.  Two continuances have been granted.  A plea offer has just been extended, and the parties are continuing to negotiate.  If plea negotiations are not successful, the defense expects to request an additional continuance.  The trial estimate is two to three days.

iii. USA v. Michael Dragunov, CR No. 23-337-TJH-1 -- a two-defendant, eleven-count telemarketing conspiracy and tax evasion trial in which the government has so far produced 165,000 files of discovery scheduled for June 8, 2026.  Several continuances have been granted.  This case is expected to go to trial on June 8, 2026, and pretrial motions have already been filed.  The trial estimate is eight days.

iv.   USA v. Sharon Diaz, CR No. 24-130-ODW-2 -- a four-defendant drug and gun case scheduled for August 18, 2026.  The court has granted several continuances in this case.  The government has not extended a plea offer yet.  In the event plea negotiations are unsuccessful, the trial estimate is four days.

v.   USA v. Jesus Alvarez, CR 25-145-MWF -- a one-defendant distribution of fentanyl trial scheduled for September 15, 2026.  Two continuances have been granted.  The parties are hopeful that a pretrial resolution can be achieved.  If not, the trial estimate is two days.

vi.   USA v. Jeremy Gil, CR 26-85-HDV -- a one-defendant production of child pornography trial scheduled for September 22, 2026.  One continuance has been granted.  The government has just produced discovery, which defense counsel has not reviewed yet so she is not yet certain how likely a trial is on the scheduled date.  The trial estimate is three to five days.  Accordingly, counsel represents that she will not have the time that she believes is necessary to prepare, or be available, to try this case on the current trial date.

c.   In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny her reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d.   Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

e.   The government does not object to the continuance.

4

f.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of May 12, 2026, to September 29, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy

//

//

Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: April 14, 2026                    Respectfully submitted,

                                         TODD BLANCHE
                                         Acting Attorney General

                                         BILAL A. ESSAYLI
                                         First Assistant United States
                                         Attorney

                                         IAN V. YANNIELLO
                                         Assistant United States Attorney
                                         Chief, National Security Division


                                         _____/s/_____
                                         COLIN S. SCOTT
                                         BRANDON E. MARTINEZ-JONES
                                         Assistant United States Attorney

                                         Attorneys for Plaintiff
                                         UNITED STATES OF AMERICA

I am MATTHEW EDWARD PYSHER's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than September 29, 2026, is an informed and voluntary one.

_____    _____4/20/26_____
ELENA SADOWSKY                        Date
Attorney for Defendant
MATTHEW EDWARD PYSHER


I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than September 29, 2026.

_____    _____07/20/26_____
MATTHEW EDWARD PYSHER                  Date
Defendant

7