TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division
COLIN S. SCOTT (Cal. Bar No. 318555)
Assistant United States Attorney
National Security Division
BRANDON E. MARTINEZ-JONES (Cal. Bar No. 318749)
Assistant United States Attorney
Major Crimes Section
1500/1300 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-3159/7167
Facsimile: (213) 894-0141
E-mail: colin.scott@usdoj.gov
brandon.martinez-Jones@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MATTHEW EDWARD PYSHER,
aka "Piano.Man,"
aka "singusasong,"

Defendant.

No. 2:26-CR-163-SPG

STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT

**CURRENT TRIAL DATE:** September 29, 2026
**PROPOSED TRIAL DATE:** March 16, 2027

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Colin S. Scott and Brandon E. Martinez-Jones, and defendant MATTHEW EDWARD PYSHER ("defendant"), both individually and by and through his counsel of record, Drew Havens, hereby stipulate as follows:

1. The Indictment in this case was filed on March 20, 2026. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on February 23, 2026. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before May 29, 2026.

2. On April 28, 2026, the Court set a trial date of September 8, 2026, and a status conference date of August 26, 2026.

3. Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately five to six days.

4. By this stipulation, defendant moves to continue the trial date to March 16, 2027, and the status conference to March 8, 2027. This is the second request for a continuance.

5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a. Defendant is charged with violations of 18 U.S.C. § 2423(b): Travel with Intent to Engage in Criminal Sexual Activity and 18 U.S.C. § 2422(b): Enticement of a Minor to Engage in Criminal Sexual Activity. The government has produced over a thousand pages of discovery to the defense, including law enforcement reports, warrant affidavits and associated papers, social media chats, scene photographs, audio recordings, cellular location data, and other records. The government is in the process of gathering and producing further discovery. The parties also anticipate that defense counsel may need to conduct a review of underlying Child Sexual Abuse Material ("CSAM").

b. On July 13, 2026, defendant's current counsel substituted in as counsel of record. Defense counsel has the following trial conflicts as listed in **Exhibit A**.

c. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny her reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

e. The government does not object to the continuance.

f. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of September 29, 2026, to March 16, 2027, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without

government objection, on the basis of the Court’s finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy

//

//

Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: July 18, 2027

Respectfully submitted,

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division

/s/
COLIN S. SCOTT
BRANDON E. MARTINEZ-JONES
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am MATTHEW EDWARD PYSHER's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than March 16, 2027, is an informed and voluntary one.

7/20/26

DREW HAVENS
Attorney for Defendant
MATTHEW EDWARD PYSHER

Date

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than March 16, 2027.

07/20/26

MATTHEW EDWARD PYSHER
Defendant

Date